**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **KENNETH A. WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 1:13-24248** |
| | ) |
| **SOVEREIGN BANK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motions for Leave to Conduct Discovery (Document Nos. 47 and 48.), filed on December 10, 2013 and December 11, 2013.

**PROCEDURAL AND FACTUAL HISTORY**

On September 5, 2013, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia. (Document No. 1-2.) Plaintiff names the following as Defendants: (1) Sovereign Bank; (2) Wells Fargo Bank ["Wells Fargo"]; (3) Bank of America/Countrywide Mortgage ["Bank of America"]; and (4) Douglas Punchak. (Id.) Plaintiff complains that Defendants have committed fraud and violated the Fair Debt Collection Practices Act and the Truth In Lending Act. (Id.) As relief, Plaintiff requests the following: (1) "In the amount representing the balance of the accounts in question as of September 2, 2013, which is believed to be the sum of $3,000,000 U.S. dollars;" (2) "Pre- and post-judgment interest on these sums as allowed by law;" (3) "Plaintiff's cost of suit;" and (4) "All other relief that is just and right." (Id.)

On October 2, 2013, Bank of America filed its Notice of Removal. (Document No. 1.) Subsequently, Sovereign Bank and Wells Fargo Bank filed their Consents to Removal with this

Court. (Document No. 3, 9 .) By Order and Notice entered on October 8, 2013, the District Court set forth specific dates on which certain events must occur. (Document No. 5.) On October 9, 2013, Bank of America and Sovereign Bank filed their Answers to Plaintiff's Complaint. (Document Nos. 6 and 7.)

On October 17, 2013, Wells Fargo filed its Answer, Motion to Dismiss, and Memorandum in Support. (Document Nos. 13, 14, 15.) In their Motion to Dismiss, Wells Fargo argues that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff's claims are barred by the rule against claim-splitting as he has an existing lawsuit with virtually identical claims already pending before this Court;" (2) "Plaintiff fails to allege a cognizable cause of action and fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure;" and (3) "To the extent Plaintiff alleges a claim for fraud, this allegation fails as it is not pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure." (Document No. 15.) As Exhibits, Wells Fargo attaches the following: (1) A copy of Plaintiff's Complaint as filed in the Circuit Court of McDowell County in White v. Allience One Receivable, *et al.*, Case No. 13-C-62 (Document No. 14-1.); and (2) A copy of unpublished cases (Document No. 14-2.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 18, 2013, advising him of the right to file a response to Wells Fargo's Motion to Dismiss. (Document No. 16.) On October 22, 2013, Plaintiff filed his Proposed First Amended Complaint and an Affidavit in Response to Sovereign Bank's Answer. (Document Nos. 17 and 18.) On October 23, 2013, Plaintiff filed his Affidavit in Response to Wells Fargo's Motion to Dismiss and Affidavit in Response to Bank of America's Answer. (Document Nos. 19 and 20.) On October 24, 2013, Bank of America filed its Answer to Plaintiff's Proposed First Amended Complaint.

(Document No. 22.)

On October 25, 2013, Wells Fargo filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 23 - 24.) Specifically, Wells Fargo argues that Plaintiff's Amended Complaint "fails to correct the problems from the prior 'original' Complaint." (Id., p. 2.) Wells Fargo, therefore, incorporates by reference the grounds set forth in its prior Motion to Dismiss. (Id., p. 1.) Wells Fargo contends that "Plaintiff has simply added several paragraphs to the Complaint which fail to provide any significant details or substance regarding the prior allegations." (Id., p. 2.) Wells Fargo states that Plaintiff's Amended Complaint fails to distinguish the instant action from White v. Alliance One Receivable, et al., Civil Action 1:13-08738, which is pending before the Court. (Id.) Wells Fargo explains that in both case, Plaintiff "alleges that Wells Fargo somehow violated the FDCPA and that it engaged in fraudulent conduct because Plaintiff allegedly had no account with Wells Fargo." (Id.) Wells Fargo, therefore, asserts that Plaintiff is seeking to redress claims that arise out of the same transaction or occurrence with Wells Fargo. (Id.) Finally, Wells Fargo notes that Plaintiff is "continually filing nonsensical and duplicative pleadings in hopes of forcing defendants to settle with him rather than respond to his never ending filings." (Id., p. 3.) Wells Fargo contends that Plaintiff is abusing the judicial process in hopes of securing settlement and requests that Plaintiff's case be dismissed in its entirety with prejudice. (Id.) As Exhibits, Wells Fargo attaches a copy of unpublished cases. (Document No. 24-1.)

Also on October 25, 2013, Plaintiff filed a "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia." (Document No. 25.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 28, 2013, advising him of the right to file a response to

Wells Fargo's Motion to Dismiss. (Document No. 26.) On October 29, 2013, Plaintiff filed his Response to Wells Fargo's Motion to Dismiss and a "Motion to Dismiss Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint." (Document No. 27 and 28.) On October 30, 2013, Sovereign Bank filed its Amended Answer and Reply. (Document No. 29 and 30.)

On November 4, 2013, Plaintiff filed his Motion for Default Judgment and Summary Judgment against Bank of America and Wells Fargo. (Document No. 31.) Bank of America filed its "Response to Plaintiff's Motion to Remand and Motion for Default" on November 6, 2013. (Document No. 32.) On November 7, 2013, Plaintiff filed his "Motion to Strike Sovereign Bank's Motion of Amended Answer and Affirmative Defenses and Reply Due to an Out of Court Settlement." (Document No. 33.) Plaintiff filed his "Affidavit Given in Support of Plaintiff Kenneth A. White's Civil Complaint Against Bank of America Mortgage and Submission of Direct Examination of Lizabeth Pressley, Mortgage Loan Investigator." (Document No. 34.) On November 12, 2013, Plaintiff filed "Additional Evidence in Support of Judgment by Default Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage." (Document No. 35.)

On November 15, 2013, Plaintiff and Sovereign Bank filed a Proposed Dismissal Order. (Document No. 37.) Wells Fargo filed its "Response to Plaintiff's Motion to Remand and Motion for Default." (Document No. 38.) The Defendants filed their Rule 26(f) Report on November 18, 2013. (Document No. 39.) By Order entered on November 20, 2013, the United States District Judge Irene C. Berger cancelled the Scheduling Conference and suspended all remaining dates and deadlines set forth in the Order and Notice. (Document No. 40.) District Judge Berger noted that the matter had been referred by Standing Order to the undersigned for the submission of proposed findings of fact and recommendations for disposition. (Id.) On November 22, 2013, Plaintiff filed

his "Motion Requesting Defendants Wells Fargo Bank and Bank of America/Countrywide to Move Forward to a Speedy Trial." (Document No. 42.) Plaintiff filed his "Response to Defendant Wells Fargo Bank, N.A.'s and Bank of American/Countrywide's Response to Plaintiff's Motion to Remand and Motion for Default" on November 26, 2013. (Document No. 43.) On December 9, 2013, Plaintiff filed his Motion for Leave to Supplement Complaint. (Document No. 45.) Bank of America filed its "Response to Plaintiff's Motion for a Speedy Trial" on December 9, 2013. (Document No. 46.) On December 10 and 11, 2013, Plaintiff filed his "Motions for Leave to Conduct Discovery." (Document Nos. 47 and 48.) Plaintiff filed his Motion for Leave to File Amended Complaint on December 16, 2013. (Document No. 51.)

On December 17, 2013, Bank of America filed its "Response to Plaintiff's Motion for Leave to Supplement the Complaint," Motion for Judgment on the Pleadings and Memorandum in Support. (Document Nos. 52, 53, and 54.) In its Motion for Judgment on the Pleadings, Bank of American argues that it is entitled to judgment on the pleadings based on the following: (1) "Plaintiff fails to plead a claim for fraud" (Document No. 53, pp. 6 - 8.); and (2) "Plaintiff's claim for relief is barred by res judicata;" (Id., pp. 8 - 9.). As Exhibits, Bank of America attaches the following: (1) A copy of pertinent documents concerning White v. Fannie Mae, *et al.*, Civil Action 1:13-29923 (S.D.W.Va.) (Document No. 52-1, pp. 1- 36.); (2) A copy of pertinent documents concerning White v. Sky Bank, *et al.*, Civil Action 1:13-18342 (S.D.W.Va.) (Id., pp. 37 - 50.); (3) A copy of pertinent documents concerning White v. Alliance One Receivable, *et al.*, Civil Action 1:13-08738; (S.D.W.Va.) (Id., pp. 50 - 65.); (4) A copy of pertinent documents concerning White v. Old Republic National Title Insurance, *et al.*, Civil Action 1:12-07965 (S.D.W.Va.) (Id., pp. 66 - 70.); (5) A copy of pertinent documents concerning White v. Huntington National Bank, *et al.*, Civil Action 1:12-

5

07503 (S.D.W.Va.) (Id., pp. 71 - 86.); (6) A copy of pertinent documents concerning White v. Equifax Credit Information Services, et al., Civil Action 1:12-06374 (S.D.W.Va.) (Document No. 52-2, pp. 1 - 21.); (7) A copy of pertinent documents concerning White v. Bank of America, Civil Action 1:11-02117 (Cuyahoga County, Ohio) (Id., pp. 22 - 30.); (8) A copy of pertinent documents concerning White v. Bank of New York, et al., Civil Action 4:11-00333 (N.D.Ohio) (Id., pp. 31 - 53.); (9) A copy of pertinent documents concerning White v. Lorian National Bank, Civil Action 1:11-00284 (N.D.Ohio) (Id., pp. 54 - 58.); (10) A copy of pertinent documents concerning White v. Huntington National Bank, Civil Action 1:11-00265 (S.D.W.Va.) (Id., pp. 59 - 64.); (11) A copy of pertinent documents concerning White v. Huntington National Bank, Civil Action 1:11-0264 (N.D.Ohio) (Id., pp. 65 - 70.); (12) A copy of pertinent documents concerning White v. Sky Bank, et al., Civil Action 4:11-00259 (N.D.Ohio) (Document No. 52-3, pp. 1 - 5.); (13) A copy of pertinent documents concerning White v. Wells Fargo, Civil Action 1:11-00018 (N.D.Ohio) (Id., pp. 6 - 10.); (14) A copy of pertinent documents concerning White v. Wells Fargo, Civil Action 1:10-2410 (N.D.Ohio) (Id., pp. 11 - 17.); (15) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in In re: White, Case No. 3:05-bk-31328 (S.D.Ohio) (Id., pp. 18 - 50.); (16) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in In re: White, Case No. 111-bk-11371 (N.D.Ohio) (Id., pp. 51 - 104.); (17) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in In re: White, Case No. 112-bk-11520 (N.D.Ohio) (Document No. 52-4.); (18) A copy of Plaintiff's "Amended Judgment in a Criminal Case" as filed in the Northern District of Ohio in Criminal Action Nos.: 1:09-0017 and 1:10-0442 (Document No. 52-5, pp. 1 - 7.); (19) A copy of the Promissory Note regarding the Pepper Avenue property (Id., pp. 8 - 22.); (20) A copy of the Open-End Mortgage regarding the

Pepper Avenue property (Id., pp. 23 - 36.); (21) A copy of the Note regarding the Club Drive property (Id., pp. 37 - 41.); and (22) A copy of the Mortgage for the Club Drive property (Id., pp. 42 - 65.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on December 18, 2013, advising him of the right to file a response to the Bank of America's Motion for Judgment on the Pleadings. (Document No. 55.) On December 18, 2013, Plaintiff filed his Affidavits in Support of his Motion for Default against Bank of America and Wells Fargo. (Document Nos. 57 and 58.) On December 19, 2013, Wells Fargo filed its "Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for a Speedy Trial, and Plaintiff's Motion for Leave to File Amended Complaint." (Document No. 59.) Bank of America filed its "Response to Plaintiff's Motion to Conduct Discovery" on December 20, 2013. (Document No. 61.) On December 24, 2013, Plaintiff filed his "Motion to Strike Proposed First Amended Complaint from Docket No. 17." (Document No. 62.)

On December 26, 2013, Plaintiff filed his "Response to Defendant Bank of America's Motion for Judgment on the Pleadings." (Document No. 63.) Bank of America filed its "Response to Plaintiff's Motion for Leave to File an Amended Complaint" and "Reply to Plaintiff's Response to its Motion for Judgment on the Pleading" on December 30, 2013. (Document Nos. 64 and 66.) Also on December 30, 2013, Plaintiff filed his "Reply to Defendant Wells Fargo's Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for Speedy Trial, and Plaintiff's Motion for Leave to Amend Complaint." (Document No. 67.) On December 31, 2013, Plaintiff filed a "Motion for Mandatory Judicial Notice Pursuant to Fed.R.Evid., Rule 201(b)(d)(f)" and "Motion to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause

Why the $1,039,447.30 Attachment and Restitution Should Not be Vacated." (Document Nos. 68 and 69.) On January 6, 2014, Bank of America filed its "Response to Plaintiff's Request for Judicial Notice." (Document No. 72.)

**DISCUSSION**

In his "Motions for Leave to Conduct Discovery," Plaintiff requests permission to proceed with discovery. (Document Nos. 47 and 48.) In support of his Motions, Plaintiff explains as follows: (1) "Plaintiff seeks admissions and interrogatories to facilitate proof with respect to issues that cannot be eliminated from the case, and to narrow the issues by eliminating those that can be;" and (2) "Plaintiff seeks documentation to support the claims for which relief can be granted." (Id.) As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's First Set of Interrogatories (Document No. 47-1.); (2) A copy of Plaintiff First Request for Production of Documents (Document Nos. 47-2 and 48-1.); (3) A copy of Plaintiff's "Request for Admissions" (Document Nos. 47-3 and 48-2.); and (4) A copy of pertinent pages from the transcripts of Plaintiff's sentencing proceedings as filed in the Northern District of Ohio in Criminal Action Nos.: 1:09-0017 and 1:10-0442 (Document No. 48-3.).

In its "Memorandum In Opposition to Plaintiff's Motion to Conduct Discovery," Wells Fargo argues that "Plaintiff's request to commence discovery is premature in light of pending Motion to Dismiss." (Document No. 59.) Wells Fargo states that "the circumstances of this case support a stay of discovery until after the Court has had the opportunity to address the pending motion to dismiss." (Id., p. 4.) Wells Fargo explains that it's Motion to Dismiss consists of "purely legal issues." (Id.) Wells Fargo argues that the "resolution of this motion would obviate the need for discovery in this case." (Id.) Accordingly, Wells Fargo requests "immediate relief in the form of a

denial of Plaintiff's motion, or in the alternative, a protective order mandating that discovery not be commenced pending a ruling on Wells Fargo's motion." (Id.)

In its "Response to Plaintiff's Motion to Conduct Discovery," Bank of America argues that "Plaintiff's request to conduct discovery is premature and in contradiction to the current posture of the case." (Document No. 61.) Bank of America explains that there is "no scheduling order entered by the Court at this time" and "the Court has suspended all deadlines pending the Magistrate's review of the case and recommendations for disposition." (Id., p. 2.) Accordingly, Bank of America requests that the Court "deny Plaintiff's Motion for Leave to Conduct Discovery and grant a Protective Order protecting Defendant from any further discovery requests." (Id., p. 3.)

In his Reply, Plaintiff merely sets forth further allegations against Defendants. (Document No. 67.) As Exhibits, Plaintiff attaches a copy of the "Testimony of Ryan Ausdemore" (Id., pp. 7 - 24.)

"It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" Sheehan v. United States, 2012 WL 1142709, * 2 (N.D.W.Va. April 4, 2012)(quoting Tilley v. United States, 270 F.Supp.2d 731, 734 (M.D.N.C. 2003)); also see Bragg v. United States, 2010 WL 3835080, * 1 (S.D.W.Va. Sept. 29, 2010)(Rule 26(c) "vests the Court with discretion to stay discovery in advance of deciding a pending dispositive motion"). The mere filing of a dispositive motion, however, does not entitle the moving party to a stay of discovery as a matter of right. Sheehan, 2012 WL 1142709, * 2. In considering whether discovery should be stayed, the Court is guided by a number of factors:

> the type of motion and whether it is a challenge as a "matter of law" or to the sufficiency" of the allegations; the nature and complexity of the action; whether

9

>  counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

Bragg v. United States, 2010 WL 3835080 * 1 (quoting Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Having considered the above applicable factors, the undersigned finds that the Plaintiff's Motions for Leave to Conduct Discovery should be denied. The Court first notes that a Scheduling Order setting forth certain deadlines for conducting discovery has not yet been entered in the above case. Next, the Court notes that both Defendants have filed depositive motions requesting the dismissal of Plaintiff's case. Specifically, Wells Fargo has filed a Motion to Dismiss (Document Nos. 13 and 23.) and Bank of America has filed a Motion for Judgment on the Pleadings (Document No. 52.). Defendants' Motions rely solely upon legal issues and do not depend upon any facts or discovery. The Motions raise potentially dispositive legal issues, the resolution of which may obviate, or limit, the need for discovery. The undersigned further notes that Plaintiff has filed a Motion for Default and Summary Judgment. (Document No. 31.) Thus, Plaintiff will not be prejudiced by the delay of discovery until resolution of the parties' pending dispositive motions. Upon resolution of the forgoing Motions, the Court will reconsider entry of a Scheduling Order. Based upon the foregoing, it is therefore hereby **ORDERED** that Plaintiff's Motions for Leave to Conduct Discovery (Document Nos. 47 and 48.) are **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within fourteen days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it

finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: January 10, 2014.

R. Clarke VanDervort
United States Magistrate Judge