IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| **KENNETH A. WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-24248** |
| | ) | |
| **SOVEREIGN BANK,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Wells Fargo's Motion to Dismiss (Document No. 13.), filed on October 17, 2013; (2) Well's Fargo's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 23.), filed on October 23, 2013; (3) Plaintiff's "Motion to Dismiss Defendant Wells Fargo Banks, N.A.'s Motion to Dismiss Plaintiff's Complaint" (Document No. 28.), filed on October 29, 2013; (4) Bank of America's Motion for Judgment on the Pleadings (Document No. 52.), filed on December 17, 2013; (5) Plaintiff's "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia" (Document No. 25.), filed on October 25, 2013; (6) Plaintiff's "Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment" (Document No. 31.), filed on November 4, 2013; and (7) Plaintiff's "Motion of Judgment by Default entered Against Defendant Douglas Punchak" (Document No. 80.), filed on January 28, 2014.

## PROCEDURAL AND FACTUAL HISTORY

**A.    Criminal proceedings.**

On February 10, 2012, Plaintiff was convicted of one count of "Conspiracy, in violation of

18 U.S.C. § 371 (Count 1, Case No. 1:10-cr-442); four counts of Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 2, 3, 4, 5, Case No. 1:10-cr-442); one count of Bank Fraud, in violation of 18 U.S.C. § 1344 (Count 6, Case No. 1:10-cr-442); three counts of False Statement to a Bank, in violation of 18 U.S.C. § 1014 (Counts 1, 2, 3, Case No. 1:09-cr-17); and one count of Failure to Appear, in violation of 18 U.S.C. § 3146 (Count 4, Case No. 1:09-cr-17). United States v. White, Case No. 1:09-cr-17 and 1:10-cr-442 (N.D. Ohio June 4, 2012), Document No. 179.[1] Plaintiff was sentenced on June 4, 2012. Id., Document Nos. 188, 189. The District Court ordered that Plaintiff be imprisoned for a total term of "103 months on each of Counts 1s - 3s in Case 1:09cr17 and Counts 1 - 6 in Case 1:10cr442, to be served concurrently." Id., Document No. 189. The District Court further ordered that Plaintiff serve supervised release for a term of "5 years on each of Counts 1s - 4s in Case 1:09cr17, and Count 6 in 1:10cr442 and terms of 3 years on each of Counts 1 - 5 in Case 1:10cr442, all such terms to run concurrently." Id. The District Court noted that the "determination of restitution is deferred until 9/6/2012. An Amended Judgment in a Criminal Case will be entered after such determination." Id. By Amended Judgment filed on September 7, 2012, the District Court ordered  restitution in the amount of $2,183,568.47. Id., Document No. 235. Specifically, the District Court ordered restitution to paid to Huntington Bank in the amount of $959,949.00, Bank of America in the amount of $1,039,447.30, Wells Fargo in the amount of $148,716.02, and Sovereign in the amount of $35,456.15. Id. The District Court further ordered that "[t]otal restitution $1,223,619.47 in Defendant's case 1:10 CR 442 is joint and several with Defendant Douglas Punchak's Case 1:10 CR 337; Bank of America, Wells Fargo, Sovereign Bank." Id.

---

[1]   Case Numbers 1:09-cr-17 and 1:10-cr-442 were joined for trial following Plaintiff's Motion for Joinder.

On June 6, 2012, Plaintiff filed a Notice of Appeal. Id., Document No. 190. In his appeal, Plaintiff argued that the District Court (1) "erred when it failed to sever the charge of failure to appear from the other charges of his indictment;" (2) "erred by admitting evidence of his flight;" (3) "erred by admitted other act evidence under Rule 404(b);" and (4) "erroneously instructed the jury on issues of Rule 404(b) evidence and flight." Id., Document No. 253. The Sixth Circuit Court of Appeals affirmed Plaintiff's conviction on November 18, 2013. United States v. White, 543 Fed.Appx. 563 (6th Cir. 2013). Plaintiff did not file a petition for certiorari in the United States Supreme Court.

On November 22, 2013, Plaintiff filed a "Motion to Seek the Release of Restitution Payment to Sovereign Bank and the Deletion of this Restitution from the Judgment of Commitment." White, Case No. 1:09-cr-17 and 1:10-cr-442, Document No. 254. This Motion is still pending before the Northern District of Ohio.

**B.     Plaintiff's present filings**.

On September 5, 2013, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed his Complaint in the Circuit Court of McDowell County, West Virginia. (Document No. 1-2.) Plaintiff names the following as Defendants: (1) Sovereign Bank; (2) Wells Fargo Bank ["Wells Fargo"]; (3) Bank of America/Countrywide Mortgage ["Bank of America"]; and (4) Douglas Punchak. (Id.) Plaintiff complains that Defendants have committed fraud and violated the Fair Debt Collection Practices Act and the Truth In Lending Act. (Id.) As relief, Plaintiff requests the following: (1) "In the amount representing the balance of the accounts in question as of September 2, 2013, which is believed to be the sum of $3,000,000 U.S. dollars;" (2) "Pre- and post-judgment interest on these sums as allowed by law;" (3) "Plaintiff's cost of suit;" and (4) "All other relief that

is just and right." (Id.)

On October 2, 2013, Bank of America filed its Notice of Removal. (Document No. 1.) Subsequently, Sovereign Bank and Wells Fargo Bank filed their Consents to Removal with this Court. (Document No. 3, 9 .) By Order and Notice entered on October 8, 2013, the District Court set forth specific dates on which certain events must occur. (Document No. 5.) On October 9, 2013, Bank of America and Sovereign Bank filed their Answers to Plaintiff's Complaint. (Document Nos. 6 and 7.)

On October 17, 2013, Wells Fargo filed its Answer, Motion to Dismiss, and Memorandum in Support. (Document Nos. 13, 14, 15.) In their Motion to Dismiss, Wells Fargo argues that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff's claims are barred by the rule against claim-splitting as he has an existing lawsuit with virtually identical claims already pending before this Court;" (2) "Plaintiff fails to allege a cognizable cause of action and fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure;" and (3) "To the extent Plaintiff alleges a claim for fraud, this allegation fails as it is not pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure." (Document No. 15.) As Exhibits, Wells Fargo attaches the following: (1) A copy of Plaintiff's Complaint as filed in the Circuit Court of McDowell County in White v. Allience One Receivable, et al., Case No. 13-C-62 (Document No. 14-1.); and (2) A copy of unpublished cases (Document No. 14-2.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 18, 2013, advising him of the right to file a response to Wells Fargo's Motion to Dismiss. (Document No. 16.) On October 22, 2013, Plaintiff filed his Proposed First Amended Complaint and an Affidavit in Response to Sovereign Bank's Answer. (Document Nos. 17 and 18.)

On October 23, 2013, Plaintiff filed his Affidavit in Response to Wells Fargo's Motion to Dismiss and Affidavit in Response to Bank of America's Answer. (Document Nos. 19 and 20.) On October 24, 2013, Bank of America filed its Answer to Plaintiff's Proposed First Amended Complaint. (Document No. 22.)

On October 25, 2013, Wells Fargo filed its "Motion to Dismiss Plaintiff's Amended Complaint" and Memorandum in Support. (Document Nos. 23 - 24.) Specifically, Wells Fargo argues that Plaintiff's Amended Complaint "fails to correct the problems from the prior 'original' Complaint." (Id., p. 2.) Wells Fargo, therefore, incorporates by reference the grounds set forth in its prior Motion to Dismiss. (Id., p. 1.) Wells Fargo contends that "Plaintiff has simply added several paragraphs to the Complaint which fail to provide any significant details or substance regarding the prior allegations." (Id., p. 2.) Wells Fargo states that Plaintiff's Amended Complaint fails to distinguish the instant action from White v. Alliance One Receivable, et al., Civil Action 1:13-08738, which is pending before the Court. (Id.) Wells Fargo explains that in both case, Plaintiff "alleges that Wells Fargo somehow violated the FDCPA and that it engaged in fraudulent conduct because Plaintiff allegedly had no account with Wells Fargo." (Id.) Wells Fargo, therefore, asserts that Plaintiff is seeking to redress claims that arise out of the same transaction or occurrence with Wells Fargo. (Id.) Finally, Wells Fargo notes that Plaintiff is "continually filing nonsensical and duplicative pleadings in hopes of forcing defendants to settle with him rather than respond to his never ending filings." (Id., p. 3.) Wells Fargo contends that Plaintiff is abusing the judicial process in hopes of securing settlement and requests that Plaintiff's case be dismissed in its entirety with prejudice. (Id.) As Exhibits, Wells Fargo attaches a copy of unpublished cases. (Document No. 24-1.)

Also on October 25, 2013, Plaintiff filed a "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia." (Document No. 25.) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 28, 2013, advising him of the right to file a response to Wells Fargo's Motion to Dismiss. (Document No. 26.) On October 29, 2013, Plaintiff filed his Response to Wells Fargo's Motion to Dismiss and a "Motion to Dismiss Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint." (Document No. 27 and 28.) On October 30, 2013, Sovereign Bank filed its Amended Answer and Reply. (Document No. 29 and 30.)

On November 4, 2013, Plaintiff filed his Motion for Default Judgment and Summary Judgment against Bank of America and Wells Fargo. (Document No. 31.) Bank of America filed its "Response to Plaintiff's Motion to Remand and Motion for Default" on November 6, 2013. (Document No. 32.) On November 7, 2013, Plaintiff filed his "Motion to Strike Sovereign Bank's Motion of Amended Answer and Affirmative Defenses and Reply Due to an Out of Court Settlement." (Document No. 33.) Plaintiff filed his "Affidavit Given in Support of Plaintiff Kenneth A. White's Civil Complaint Against Bank of America Mortgage and Submission of Direct Examination of Lizabeth Pressley, Mortgage Loan Investigator." (Document No. 34.) On November 12, 2013, Plaintiff filed "Additional Evidence in Support of Judgment by Default Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage." (Document No. 35.)

On November 15, 2013, Plaintiff and Sovereign Bank filed a Proposed Dismissal Order. (Document No. 37.) Wells Fargo filed its "Response to Plaintiff's Motion to Remand and Motion for Default." (Document No. 38.) The Defendants filed their Rule 26(f) Report on November 18, 2013. (Document No. 39.) By Order entered on November 20, 2013, the United States District Judge

Irene C. Berger cancelled the Scheduling Conference and suspended all remaining dates and deadlines set forth in the Order and Notice. (Document No. 40.) District Judge Berger noted that the matter had been referred by Standing Order to the undersigned for the submission of proposed findings of fact and recommendations for disposition. (Id.) On November 22, 2013, Plaintiff filed his "Motion Requesting Defendants Wells Fargo Bank and Bank of America/Countrywide to Move Forward to a Speedy Trial." (Document No. 42.) Plaintiff filed his "Response to Defendant Wells Fargo Bank, N.A.'s and Bank of American/Countrywide's Response to Plaintiff's Motion to Remand and Motion for Default" on November 26, 2013. (Document No. 43.) On December 9, 2013, Plaintiff filed his Motion for Leave to Supplement Complaint. (Document No. 45.) Bank of America filed its "Response to Plaintiff's Motion for a Speedy Trial" on December 9, 2013. (Document No. 46.) On December 10 and 11, 2013, Plaintiff filed his "Motions for Leave to Conduct Discovery." (Document Nos. 47 and 48.) Plaintiff filed his Motion for Leave to File Amended Complaint on December 16, 2013. (Document No. 51.)

On December 17, 2013, Bank of America filed its "Response to Plaintiff's Motion for Leave to Supplement the Complaint," Motion for Judgment on the Pleadings and Memorandum in Support. (Document Nos. 52, 53, and 54.) In its Motion for Judgment on the Pleadings, Bank of America argues that it is entitled to judgment on the pleadings based on the following: (1) "Plaintiff fails to plead a claim for fraud" (Document No. 53, pp. 6 - 8.); and (2) "Plaintiff's claim for relief is barred by *res judicata*;" (Id., pp. 8 - 9.). As Exhibits, Bank of America attaches the following: (1) A copy of pertinent documents concerning White v. Fannie Mae, *et al.*, Civil Action 1:13-29923 (S.D.W.Va.) (Document No. 52-1, pp. 1- 36.); (2) A copy of pertinent documents concerning White v. Sky Bank, *et al.*, Civil Action 1:13-18342 (S.D.W.Va.) (Id., pp. 37 - 50.); (3) A copy of pertinent

7

documents concerning <u>White v. Alliance One Receivable, *et. al.*</u>, Civil Action 1:13-08738; (S.D.W.Va.) (<u>Id.</u>, pp. 50 - 65.); (4) A copy of pertinent documents concerning <u>White v. Old Republic National Title Insurance, *et al.*</u>, Civil Action 1:12-07965 (S.D.W.Va.) (<u>Id.</u>, pp. 66 - 70.); (5) A copy of pertinent documents concerning <u>White v. Huntington National Bank, *et al.*</u>, Civil Action 1:12-07503 (S.D.W.Va.) (<u>Id.</u>, pp. 71 - 86.); (6) A copy of pertinent documents concerning <u>White v. Equifax Credit Information Services, *et al.*</u>, Civil Action 1:12-06374 (S.D.W.Va.) (Document No. 52-2, pp. 1 - 21.); (7) A copy of pertinent documents concerning <u>White v. Bank of America</u>, Civil Action 1:11-02117 (Cuyahoga County, Ohio) (<u>Id.</u>, pp. 22 - 30.); (8) A copy of pertinent documents concerning <u>White v. Bank of New York, *et al.*</u>, Civil Action 4:11-00333 (N.D.Ohio) (<u>Id.</u>, pp. 31 - 53.); (9) A copy of pertinent documents concerning <u>White v. Lorian National Bank</u>, Civil Action 1:11-00284 (N.D.Ohio) (<u>Id.</u>, pp. 54 - 58.); (10) A copy of pertinent documents concerning <u>White v. Huntington National Bank</u>, Civil Action 1:11-00265 (S.D.W.Va.) (<u>Id.</u>, pp. 59 - 64.); (11) A copy of pertinent documents concerning <u>White v. Huntington National Bank</u>, Civil Action 1:11-0264 (N.D.Ohio) (<u>Id.</u>, pp. 65 - 70.); (12) A copy of pertinent documents concerning <u>White v. Sky Bank, *et al.*</u>, Civil Action 4:11-00259 (N.D.Ohio) (Document No. 52-3, pp. 1 - 5.); (13) A copy of pertinent documents concerning <u>White v. Wells Fargo</u>, Civil Action 1:11-00018 (N.D.Ohio) (<u>Id.</u>, pp. 6 - 10.); (14) A copy of pertinent documents concerning <u>White v. Wells Fargo</u>, Civil Action 1:10-2410 (N.D.Ohio) (<u>Id.</u>, pp. 11 - 17.); (15) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in <u>In re: White</u>, Case No. 3:05-bk-31328 (S.D.Ohio) (<u>Id.</u>, pp. 18 - 50.); (16) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in <u>In re: White</u>, Case No. 111-bk-11371 (N.D.Ohio) (<u>Id.</u>, pp. 51 - 104.); (17) A copy of pertinent documents concerning Plaintiff's Chapter 7 Bankruptcy proceedings in <u>In re: White</u>, Case No. 112-

bk-11520 (N.D.Ohio) (Document No. 52-4.); (18) A copy of Plaintiff's "Amended Judgment in a Criminal Case" as filed in the Northern District of Ohio in Criminal Action Nos.: 1:09-0017 and 1:10-0442 (Document No. 52-5, pp. 1 - 7.); (19) A copy of the Promissory Note regarding the Pepper Avenue property (Id., pp. 8 - 22.); (20) A copy of the Open-End Mortgage regarding the Pepper Avenue property (Id., pp. 23 - 36.); (21) A copy of the Note regarding the Club Drive property (Id., pp. 37 - 41.); and (22) A copy of the Mortgage for the Club Drive property (Id., pp. 42 - 65.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on December 18, 2013, advising him of the right to file a response to the Bank of America's Motion for Judgment on the Pleadings. (Document No. 55.) On December 18, 2013, Plaintiff filed his Affidavits in Support of his Motion for Default against Bank of America and Wells Fargo. (Document Nos. 57 and 58.) On December 19, 2013, Wells Fargo filed its "Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for a Speedy Trial, and Plaintiff's Motion for Leave to File Amended Complaint." (Document No. 59.) Bank of America filed its "Response to Plaintiff's Motion to Conduct Discovery" on December 20, 2013. (Document No. 61.) On December 24, 2013, Plaintiff filed his "Motion to Strike Proposed First Amended Complaint from Docket No. 17." (Document No. 62.)

On December 26, 2013, Plaintiff filed his "Response to Defendant Bank of America's Motion for Judgment on the Pleadings." (Document No. 63.) Bank of America filed its "Response to Plaintiff's Motion for Leave to File an Amended Complaint" and "Reply to Plaintiff's Response to its Motion for Judgment on the Pleading" on December 30, 2013. (Document Nos. 64 and 66.) Also on December 30, 2013, Plaintiff filed his "Reply to Defendant Wells Fargo's Memorandum

in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for Speedy Trial, and Plaintiff's Motion for Leave to Amend Complaint." (Document No. 67.) On December 31, 2013, Plaintiff filed a "Motion for Mandatory Judicial Notice Pursuant to Fed.R.Evid., Rule 201(b)(d)(f)" and "Motion to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the $1,039,447.30 Attachment and Restitution Should Not be Vacated." (Document Nos. 68 and 69.) On January 6, 2014, Bank of America filed its "Response to Plaintiff's Request for Judicial Notice." (Document No. 72.)

By Memorandum Opinion and Order entered on January 10, 2014, the undersigned denied Plaintiff's Motions for Leave to Conduct Discovery (Document Nos. 47 and 48.). (Document No. 74.) By Dismissal Order entered on also on January 10, 2014, Defendant Sovereign Bank was dismissed. (Document No. 75.) On January 15, 2014, Plaintiff filed his "Reply to Defendant Bank of America, N.A.'s Response to Plaintiff's Request for Mandatory Judicial Notice." (Document No. 76.) On January 21, 2014, Plaintiff filed his "Reply to Defendant Bank of America, N.A.'s Response to Plaintiff's Motion for Leave to File an Amended Complaint." (Document No. 79.)

On January 28, 2014, Plaintiff filed a "Motion of Judgment by Default entered Against Defendant Douglas Punchak." (Document No. 80.) On March 18, 2014, Plaintiff filed a "Motion to Correct Proposed Motion to 'Strike Docket 17' Which is Now Docket 62; Now Plaintiff Request the 'Un-striking of 17' and for 17 to be Supplemented with Docket 51 as 'Leave to File Amended Complaint.'" (Document No. 84.) Also on March 18, 2014, Plaintiff filed a "Motion/Affidavit via Fed. R. Civ. P. Rule 37 Motion to Compel Defendant(s) to Answer the Amended Complaint Document # 51 Under Rule 51 within (30) Day. (Document No. 86.) On March 20, 2014, Defendants Bank of America, N.A. and Wells Fargo Bank, N.A.'s Motion to Stay All Briefing

10

Requirements Pending the Court's Decision on the Motion to Dismiss and Motion for Judgment on the Pleadings." (Document No. 88.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

1.   **Plaintiff's "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia" (Document No. 25.) and Plaintiff's "Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment" (Document No. 31.):**

In his "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia," Plaintiff argues that Bank

of America's Notice for Removal should be dismissed because "Defendant is in default judgment from not responding to a 14 day summons after they were served September 13, 2013." (Document No. 25.) Plaintiff explains that he filed a "Motion for Default Judgment and Summary Judgment" against Bank of America. (Id.) Plaintiff complains that instead of filing an Answer, Bank of America filed a Notice of Removal. (Id.) Accordingly, Plaintiff requests that the Court dismiss the Notice of Removal and grant his "Motion for Default Judgment and Summary Judgment." (Id.)

In his "Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment," Plaintiff continues to argue that he is entitled to default judgment because Defendants Wells Fargo and Bank of America failed "to answer Plaintiff's complaint within the fourteen (14) day time limit after receipt of the summons." (Document No. 31.)

In Response, Bank of America argues that "Plaintiff's Motion to Remand must fail because this Court has original jurisdiction over Plaintiff's Complaint." (Document No. 32, pp. 3 - 4.) Bank of America further contends that Plaintiff's Motion for Default should be denied based on the following: (1) Plaintiff's Motion was filed in "state court on October 3, 2013 - a day after BANA removed the case [and] [r]emoval . . . divests the state court of jurisdiction;" and (2) "BANA has responded to the Complaint and done so appropriately." (Id.) As an Exhibit, Bank of American attaches a copy of the "Amended Judgment in a Criminal Case" as filed in the Northern District of Ohio in Criminal Action Nos. 1:09-cr17 and 1:10-cr-442. (Document No. 32-1.)

In Response, Wells Fargo states that it "incorporates by reference and joins in the arguments contained in Defendant Bank of America, N.A.'s Response to Plaintiff's Motion to Remand and Motion for Default." (Document No. 38.)

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal jurisdiction is strictly construed, and federal courts must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Hartley v. CSX Transportation, Inc., 187 F.3d 422, 425 (4th Cir. 1999). The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey, 29 F.3d at 151. Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

_____

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

13

First, the Court finds that there is no dispute that complete diversity exists. Plaintiff is a citizen of West Virginia. Bank of America is a citizen of North Carolina for purpose of diversity of citizenship as its main office is located in Charlotte, North Carolina. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307, 126 S.Ct. 941, 945, 163 L.Ed.2d 797, 803 (2006)(a national bank is a citizen of the state where its main office, as set forth in its articles of association, is located). Wells Fargo is a citizen of South Dakota for purpose of diversity of citizenship as its main office is located in Sioux Falls, South Dakota. According to Plaintiff's Complaint, Douglas Punchak is a citizen of Ohio. All Defendants, therefore, are non-citizens of West Virginia. Second, the Court finds that the amount in controversy clearly exceeds $75,000 as Plaintiff requests $3,000,000 in damages. Based on the foregoing, this Court has original jurisdiction pursuant to Title 28 U.S.C. §1332.

Next, the Court will consider whether removal was timely. Plaintiff appears to argue that removal was untimely because Bank of American and Wells Fargo are "in default judgment from not responding to a 14 day summons after they were served September 13, 2013." (Document No. 25.) Title 28 U.S.C. § 1446(b)(1) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The record reveals that Bank of America and Wells Fargo were served on September 13, 2013. Thus, Bank of America and Wells Fargo had until October 15, 2013[3] (30 days

---

[3]  The Court notes that 30 days from September 13, 2013, was October 13, 2013. Wells Fargo's Consent to Removal, however, was not due until October 15, 2013 because October 13 fell

after service) to file their Notice of Removal. The record reveals that Bank of American filed its Notice of Removal with this Court on October 2, 2013, nineteen days after service. Wells Fargo filed its Consent to Removal with this Court on October 15, 2013. Accordingly, the Court finds that removal was timely.

To the extent Plaintiff contends that Bank of America and Wells Fargo's Answers are untimely, the undersigned finds that Plaintiff's claims are without merit. Federal Rule of Civil Procedure 81(c)2 provides, in pertinent part, as follows:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 21 days after receiving - - through service or otherwise - - a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

In the instant case, Bank of America had until October 16, 2013 (7 days after removal) to file its Answer. The record reveals that Bank of America timely filed its Answer with this Court on October 9, 2013. (Document No. 6.) Wells Fargo had until October 22, 2013 (7 days after consent to removal) to file its Answer. The record reveals that Wells Fargo timely filed its Answer with this Court on October 17, 2013. (Document No. 15.)

To the extent Plaintiff is arguing he is entitled to default judgment based on Bank of America and Wells Fargo's failure to file a timely responsive pleading in the Circuit Court of McDowell County, Plaintiff's claim is also without merit. The record reveals that Bank of America and Wells

---

on a Sunday and October 14 fell on a holiday.

Fargo were served via mail on September 13, 2013. Rule 12(a) of the West Virginia Rules of Civil Procedures provides that a defendant served via mail has 30-days to file a Response. Thus, Plaintiff's argument the he is entitled to default judgment due to Bank of America and Wells Fargo's failure to file a responsive pleading within 14 days is without merit.

Based upon the foregoing, the undersigned recommends that Plaintiff's "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia" (Document No. 25.) and "Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment" (Document No. 31.) be denied.

**2.     Plaintiff's Motion for Default Judgment Against Defendant Punchak (Document No. 80.):**

In his Motion for Default Judgment, Plaintiff argues that he is entitled to default judgment against Defendant Punchak because he has "failed to respond within 21 days after service of Summon sent to him January 7, 2014, by certified mail (7013 0600 0000 9994 7665) pursuant to Fed.R.Civ.P. 12(a)(2) or (3)." (Document No. 80.) As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of the USPS Tracking information showing deliverance on January 7, 2014 (Id., p. 4.); and (2) A copy of Certified Mail Return Receipt card addressed to Mr. Douglas Punchak, 6420 Terry Drive, Brook Park, OH 44101, which was accepted by Richelle Punchak on January 7, 2014 (Id., p. 5.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." A plaintiff must produce *prima facie* evidence that service was

16

proper. J & J Sports Productions, Inc. v. Santillan, 2012 WL 2861378, at * 4 (M.D.N.C. July 11, 2012). "A return of service generally serves as *prima facie* evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008). If a plaintiff produces *prima facie* evidence, the burden shift to the defendant to provide evidence of insufficient process. Hollander v. Wolf, 2009 WL 3336012, at * 3 (S.D.Fla. Oct. 14, 2009).

In the instant case, the undersigned finds that Plaintiff has failed to produce *prima facie* evidence that service was proper. Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

**(e)** **Servicing an Individual Within a Judicial District of the United States.**
Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The return of service submitted as an Exhibit by Plaintiff does not indicate that service was accepted by Defendant Douglas Punchak. The Certified Mail Return Receipt card is addressed to Mr. Douglas Punchak, 6420 Terry Drive, Brook Park, OH 44101, but was accepted by Richelle Punchak.

17

(Document No. 80, p. 5.) There is no evidence in the record that service was made at Defendant Douglas Punchak's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." When a plaintiff fails to serve the defendant properly under federal or state law, a court lack personal jurisdiction over the defendant and may not enter default judgment against him. Accordingly, the undersigned recommends that Plaintiff's Motion for Default Judgment as Against Defendant Punchak (Document No. 80.) be denied.

3.     **Wells Fargo's Motion to Dismiss and Bank of America's Motion for Judgment on Pleadings (Document Nos. 13, 23, and 52.):**

In his Complaint, Plaintiff alleges that Defendants violated "provisions of the Fair Debt Collection Practices Act, Truth in Lending Act, and Fraud." (Document No. 1-2, p. 5.) Plaintiff names the following as Defendants: (1) Sovereign Bank;[4] (2) Wells Fargo Bank; (3) Bank of America/Countrywide Mortgage; and (4) Douglas Punchak. (Id., p. 4.) Plaintiff contends that Defendant Punchak "fabricated information on a signed contract . . . which makes him solely responsible for this own debts with the following creditors: Sovereign Bank, Wells Fargo, and Bank of America." (Id.)

Concerning Defendants Punchak and Wells Fargo, Plaintiff alleges that Defendants "committed fraud by maintaining Plaintiff is responsible for accumulated debts that were incurred by Douglas Punchak." (Id., p. 6.) Plaintiff also states that Wells Fargo is "violating the Truth in Lending Act and Fair Debt Collection Practices Act." Plaintiff explains that "[o]n or about March 2006 through June 2006, Douglas Punchak quit claimed property (1844 E. 85th Street, Cleveland, Ohio) from Urban Investment Group to himself in order to receive an equity line of credit from

---

[4] Sovereign Bank has been dismissed from the instant case. The undersigned, therefore, will not summarize Plaintiff's allegations against Sovereign Bank.

18

Wells Fargo Bank in the amount of $150,000.00 dollars." (Id.) Plaintiff claims that "[o]n or about June 2006, said property was sold to an unknown buyer for $260,000 dollars, which $150,000 of buyer's money should have been allocated to Wells Fargo Bank's first position." (Id.) Plaintiff contends that Defendant Punchak "should have made sure said loan of $150,000 was paid to Wells Fargo bank before committing fraud by shifting the debt responsibility to [Plaintiff]." (Id.) Plaintiff asserts that he did not consent for Defendant Punchak "to utilize the 1844 E. 85th Street property to his own personal equity line from Wells Fargo Bank to obtain the amount of $150,000 and then sell the property to amass the sum of $260,000 and revert the debt back to [Plaintiff]."

Concerning Defendant Punchak, Plaintiff further alleges that "[o]n or about October 13, 2005, Douglas Punchak again transferred property (14710 Pepper Avenue) from Urban Investment Group to himself to get another equity line from Countrywide Home Loan (otherwise known as Bank of America) in the amount of $75,000." (Id., p. 7.) Plaintiff alleges that Bank of America/Countrywide Mortgage ["Bank of America"] "is an accomplice to Douglas Punchak and conspired to commit fraud by enforcing, accusing, and inferring the $75,000 debt incurred by Douglas Punchak is the responsibility of Plaintiff." (Id.) Plaintiff argues that he "never gave consent, approval, nor signed any written agreement or contract with Countrywide Home Loans/Bank of America; nor did Plaintiff have any knowledge of any transactions made by Douglas Punchak." (Id.) Plaintiff, therefore, asserts that Defendant "Punchak is solely responsible for any and all debts the Plaintiff is accused of by the Defendants aforementioned in this complaint." (Id.)

Finally, Plaintiff alleges that "[o]n or about August 2005, Douglas Punchak fabricated information to refinance property located at 535 Club Drive, Aurora, Ohio for $1,620,000 on a loan application about his income." (Id.) Plaintiff contends that Defendant Punchak "signed all

documentation concerning the loan" and "sole responsibility of the debt is his alone for doing a first and second refinance." (Id., p. 8.) Based on the foregoing, Plaintiff seeks judgment against Defendants "in the amount representing the balance of the accounts in question as of September 2, 2013, which is believed to be the sum of $3,000,000." (Id.) On October 22, 2013, Plaintiff filed his Amended Complaint asserting essentially the same arguments set forth in his initial Complaint. (Document No. 17.)

On December 16, 2013, Plaintiff filed his "Motion for Leave to File an Amended Complaint." (Document No. 51.) In his Amended Complaint, Plaintiff continues to assert the same arguments as set forth in his initial Complaint. (Id.) Plaintiff amends his Complaint to include pertinent testimony allegedly given by Lizabeth Pressley and Defendant Punchak during the criminal trial. (Id., pp. 1- 3.) Plaintiff continues to argue that he "never ordered or authorized Douglas Punchak to sign for the loan" regarding the property on Pepper Avenue, the Elizabeth property, the Land Rover vehicle, or any real estate agreement contracts. (Id., pp. 3 - 4.) Plaintiff argues that Defendants' actions resulted in Plaintiff being "charged in federal court," "falsely imprisoned," "kidnaped," "harassed," and defamed." (Id., p. 4.) Plaintiff explains that he received "a 103 month sentence" and a "one year and one day" sentence "for the contracts and agreements signed by Douglas Punchak." (Id., p. 5.) Plaintiff argues that "Defendants used [him] as a scapegoat for the contracts and agreements signed by Douglas Punchak." (Id.) Plaintiff further states that Defendants' actions caused the loss of his business" and resulted in a violation of his civil rights. (Id., p. 4.) Specifically, Plaintiff states that the "unlawful seizure, false imprisonment, kidnaping and theft by restitution violated Plaintiff's civil and personal rights and constituted illegal seizure and cruel and unusual punishment under the 4th and 8th Amendments to the U.S. Constitution." (Id., p. 5.) As relief,

20

Plaintiff requests "compensatory damages in the amount of $15,000.00 a day against each Defendant" and "punitive damages in the amount of $1.6 million per day." (Id.)

    **A.**    *Failure to State a Claim***:**

Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949(quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will

yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

"To state a claim under the [Fair Debt Collection Practices Act] FDCPA, a plaintiff must show: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA,[5] and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Patrick v. Teays Valley Trustees, LLC, 2012 WL 5993163 (N.D.W.Va. Nov. 30, 2012.) Congress enacted the FDCPA to "eliminate abuse debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under Section 1692g of the FDCPA, debt collectors must inform consumers of (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of either document will be mailed to the consumer; and (5) a statement that, if the consumer requests in writing within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(1)-(5).

Rule 9 imposes a heightened pleading standard concerning claims of fraud. Specifically, Rule 9 requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required to be pled with particularity are the "the time, place, and

---

[5] "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). To state a claim for fraud under West Virginia law, a plaintiff must establish that: "(1) the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." See Coffman v. Bank of America, N.A., 2010 WL 3069905 (S.D.W.Va. Aug. 4, 2010)(citing Folio v. City of Clarksburg, 221 W. Va. 397, 655 S.E.2d 143 (2007)).

Construing Plaintiff's complaint liberally, his allegations do not state the essential elements of a Truth in Lending, FDCPA or fraud claim. Specifically, Plaintiff fails to allege any facts explaining how any of the Defendants violated the Truth in Lending Act and FDCPA. Plaintiff further fails to allege that Wells Fargo or Bank of America is a debt collector under the FDCPA. Plaintiff's conclusory claim that Wells Fargo and Bank of America violated the Truth in Lending Act and FDCPA is insufficient. To the extent Plaintiff is attempting to state a fraud claim against Wells Fargo and Bank of America, Plaintiff does not allege "the time, place, or contents of the false representations" or "the identity of the person making the misrepresentation and what he obtained thereby." Plaintiff merely argues that Defendant Punchak entered into contractual agreements with Wells Fargo and Bank of America without Plaintiff's consent. Plaintiff appears to argue that Wells Fargo and Bank of America conspired with Defendant Punchak to commit fraud against Plaintiff by "enforcing, accusing, and inferring" that the debts incurred by Defendant Punchak was the responsibility of Plaintiff. Plaintiff's generally allegations against Wells Fargo and Bank of America fails to state a claim. Accordingly, the undersigned recommends that Defendant Wells Fargo and

23

Bank of America's Motions to Dismiss (Document Nos. 13, 23, and 52.) be granted to the extent they seek dismissal of the action for failure to state a claim.

      **B.**    ***Collateral Estoppel:***

      The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995); also see United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987)(citation omitted)("The doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to re-litigate in a subsequent civil proceeding.") The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

The Court finds that the above-referenced elements are satisfied. First, the undersigned finds that the issue sought to be precluded is identical to the one previously litigated, the issue was actually determined in the prior proceeding, and the issue was a critical and necessary part of the decision in the prior proceeding. Specifically, Plaintiff alleges that Defendant Punchak, Bank of America, and Wells Fargo engaged in fraud which resulted in Plaintiff's improper criminal conviction and sentence. Plaintiff argues that he did not participate in transactions involving Defendant Punchak, Bank of America, and Wells Fargo. Thus, Plaintiff contends that he should not be required to pay restitution to Bank of America and Wells Fargo. The record, however, reveals that Plaintiff was convicted in Northern District of Ohio of one count of Conspiracy, four counts of Wire Fraud, one count of Bank Fraud, and three counts of False Statement to a Bank. United States v. White, Case No. 1:09-cr-17 and 1:10-cr-442 (N.D. Ohio June 4, 2012), Document No. 179. The Northern District of Ohio clearly ordered Plaintiff to pay restitution to Bank of America and Wells Fargo. Id., Document No. 235. The Northern District of Ohio further ordered that "[t]otal restitution $1,223,619.47 in Defendant's case 1:10 CR 442 is joint and several with Defendant Douglas Punchak's Case 1:10 CR 337; Bank of America, Wells Fargo, Sovereign Bank." Id. Finally, the undersigned finds that the prior judgment is final and valid and Plaintiff had a full and fair opportunity to litigate the issue in a previous forum. Plaintiff appealed his criminal conviction to the Sixth Circuit Court of Appeals. The Sixth Circuit Court affirmed Plaintiff's conviction on November 18, 2013, and Plaintiff did not file a petition for certiorari in the United States Supreme Court. Therefore, the undersigned finds that collateral estoppel further precludes Plaintiff's present action against Wells Fargo, Bank of America, and Defendant Punchak.

**C.**     ***Heck:***

Plaintiff alleges that his criminal conviction and sentence resulted in a violation of his civil

25

and constitutional rights. Specifically, Plaintiff states that the "unlawful seizure, false imprisonment, kidnaping and theft by restitution violated Plaintiff's civil and personal rights and constituted illegal seizure and cruel and unusual punishment under the 4th and 8th Amendments to the U.S. Constitution." (Document No. 51.) Plaintiff essentially contends that Bank of America and Wells Fargo conspired with Defendant Punchak to have Plaintiff falsely imprisoned, "charged in federal court," "falsely imprisoned," "kidnaped," and "harassed." Plaintiff argues that he should not be required to pay restitution because he is innocent of his criminal conviction. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff appealed his convictions to the Sixth Circuit Court of Appeals, and the Sixth Circuit affirmed Plaintiff's convictions. Plaintiff has failed to file any *habeas* petitions challenging his conviction or sentence. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal convictions for conspiracy, wire fraud, bank fraud, and false

statement to a bank have been invalidated, Plaintiff's <u>Bivens</u> claim is not cognizable pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that Plaintiffs' above claims be dismissed.[6]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Wells Fargo's Motions to Dismiss (Document No. 13 and 23.); **DENY** Plaintiff's "Motion to Dismiss Defendant Wells Fargo Banks, N.A.'s Motion to Dismiss Plaintiff's Complaint" (Document No. 28.); **GRANT** Bank of America's Motion for Judgment on the Pleadings (Document No. 52.); **DENY** Plaintiff's "Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia" (Document No. 25.); **DENY** Plaintiff's "Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment" (Document No. 31.); **DENY** Plaintiff's "Motion of Judgment by Default entered Against Defendant Douglas Punchak" (Document No. 80.), **DISMISS** Plaintiff's Complaints (Document No. 1-2, pp. 4 - 15, Document No. 17, Document No. 51.), and **REMOVE** it from the District Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

---

[6]   A continuous pattern of filing frivolous lawsuits and an extraordinary volume of extraneous documents may result in a pre-filing injunction, which requires a *pro se* plaintiff to obtain permission from a judge of this Court prior to filing any further *pro se* lawsuits. *See Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812 (4th Cir. 2004)("Undoubtedly, the All Writs, Act, 28 U.S.C. § 1651(a)(2000), grants federal courts the authority to limit access to the court by vexatious and repetitive litigants.")

**FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 1, 2014.

R. Clarke VanDervort
United States Magistrate Judge