**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

KENNETH A. WHITE,

                        Plaintiff,

v.                                    CIVIL ACTION NO.   1:13-cv-24248

WELLS FARGO BANK, et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff Kenneth A. White's *pro se Complaint* (Document 1-2 at 4-11), filed on September 5, 2013, in the Circuit Court of McDowell County, West Virginia, and brought on the grounds, *inter alia*, that Defendants Bank of America, Wells Fargo Bank, Sovereign Bank, and/or Douglas Punchak committed fraud and violated the Truth in Lending Act and Fair Debt Collections Practices Act regarding certain transactions and loans.[1]   (See *Id.*) Bank of America filed a *Notice of Removal* (Document 1) on October 2, 2013.   By *Standing Order* (Document 2) entered on October 2, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On April 1, 2014, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 94), wherein it is recommended that this Court grant the Defendants' motion and

---

1        Sovereign Bank was dismissed from this action by *Dismissal Order* (Document 75) entered on January 10, 2014.   The Court notes that Sovereign Bank provided the lease for the 2005 Bentley Continental, and to the extent that Plaintiff is still challenging that amount due on the lease ($35,456.15) , the Court notes that the issue is now moot in light of the parties' resolution and settlement.

dismiss the Plaintiff's complaint.   Objections to the Magistrate Judge's PF&R were due by April

19, 2014, and Plaintiff timely filed his *Objections* (Document 98) on April 9, 2014.


# I.     FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in great detail the procedural and factual

history surrounding the Plaintiff's claims.   The Court now incorporates by reference those facts

and procedural history.   In order to provide context for the ruling herein, the Court provides the

following summary.[2]

### A.  Criminal Action

On February 10, 2012 Plaintiff Kenneth A. White (White) was convicted of one count of

*Conspiracy*, in violation of 18 § U.S.C. 371, four counts of *Wire Fraud*, in violation of 18 U.S.C. §

1343, one count of *Bank Fraud*, in violation of 18 U.S.C. § 1344, three counts of *False Statement

to a Bank*, in violation of 18 U.S.C. § 1014 and one count of *Failure to Appear*, in violation of 18

U.S.C. § 1346, in consolidated cases 1:09-cr-17 and 1:10-cr-442, both brought in the United States

District Court for the Northern District of Ohio.[3]   On June 4, 2012, the Plaintiff was sentenced to

a term of one hundred three (103) months of imprisonment on each of Counts One through Three

in case number 1:09-cr-17 and Counts One through Six in case number 1:10-cr-442, to be served

concurrently.   He also received a term of supervised release.   See *United States v. White*, Case

Nos. 1:09-cr-17 and 1:10-cr-442, (ND. Ohio June 4, 2012).   Restitution was deferred, and by

amended judgment entered on September 7, 2012, the District Court ordered restitution in the

---

2        The Plaintiff filed a flood of motions and submissions, many of them patently frivolous.
3        "The government filed two separate indictments against the defendant, Kenneth White. The district court
consolidated these two indictments into one jury trial. At trial, the jury convicted White on all charges of the two
indictments."   *U.S. v. White*, 543 Fed.Appx. 563, 565 (6th Cir. 2013).

amount of $2,183,568.47.[4]   (*Id.* Document 235.)   The Plaintiff filed a notice of appeal on June 6, 2012, and the Sixth Circuit Court of Appeals affirmed his criminal convictions on November 18, 2013.   (See, *United States v. White*, 543 Fed.Appx. 563 (6th Cir. 2013).   He did not petition the United States Supreme Court for certiori.

B. *Instant Civil Matter*

The Plaintiff was subsequently incarcerated at FCI-McDowell in McDowell County, West Virginia, where he filed his complaint on September 5, 2013, in the Circuit Court of McDowell County, West Virginia.   He named Sovereign Bank (Sovereign), Wells Fargo Bank (Wells Fargo), Bank of America/Countrywide Mortgage (Bank of America), and Douglas Punchak (Punchak) as Defendants.   He bases his complaint on the "fabricated information on a signed contract by Douglas Punchak, which makes him solely responsible for his own debts with the [above named Defendants]."   (Document 1-2 at 5.)   He argues that Punchak fraudulently and illegally entered into several loan transactions with the Defendant banking institutions, and once those loans soured, he complains that the banking Defendants came looking for Plaintiff to satisfy the outstanding amounts.

The nexus between the Plaintiff and Mr. Punchak is an organization called the Urban Investment Group.   Mr. White was the owner of Urban Investment Group.   (Document 1-2 at 6.) The Plaintiff succinctly alleges that he "never had a bank account with Sovereign Bank, Wells Fargo Bank, nor Bank of America; nor did he sign or verbally agree to any transactions made by Douglas Punchak with his authorization[,] written or verbal."   (*Id.* at 8.)   Further, he claims that he did not "sign for or appl[y] for any loans or quit claims or equity lines or automobile leases or

_____

4        The restitution called for payment to: (1) Huntington Bank of $959,949.00; (2) Bank of America of $1,039,447.30; (3) Wells Fargo of $148,716.02 and (4) Sovereign Bank of $35,456.15.   (*Id.*)

mortgages in conjunction of or directly or indirectly with Defendant Douglas Punchak." (*Id.*) As relief, he sought approximately $3,000,000, or the balance of the accounts in question. (*Id.*)

On October 2, 2013, Bank of America filed a *Notice of Removal* (Document 1).[5]  On October 9, 2014, Bank of America and Sovereign filed their respective *Answers* (Documents 6 & 7).  On October 17, 2013, Wells Fargo filed its *Answer* (Document 15), as well as a *Motion to Dismiss* (Document 13) and accompanying *Memorandum in Support* (Document 14).  Wells Fargo argues that the Plaintiff's claims are barred because he is attempting to adjudicate the same controversy in this matter as one already pending before the court in another action, and further argues that the complaint is defective as it fails to meet basic pleading standards and fails to plead with sufficient particularity his fraud claim, pursuant to Federal Rules of Procedure 8 and 9(b), respectively.  (*See* Document 15.)  On October 22, 2013, the Plaintiff filed his first proposed *Amended Complaint* (Document 17).  He also filed several affidavits in response to the Defendants' motions to dismiss and their answers to his complaint.  (*See* Documents 18-20.)

Thereafter, on October 25, 2013, Wells Fargo filed its *Motion to Dismiss Plaintiff's Amended Complaint* (Document 23), and accompanying *Memorandum in Support* (Document 24).  Wells Fargo claims that the Plaintiff failed to correct the previous deficiencies in his amended complaint, and further, that the amended complaint largely mirrors allegations contained in another pending case, *White v. Alliance One Receivable, et al.*, Civil Action 1:13-08738.  (Document 24 at 2.)  Wells Fargo also claims that he is abusing the judicial process and flooding the court with nonsensical filings.  (*Id.* at 3.)   On that same date, the Plaintiff filed a *Motion to*

---

5       A review of the docket in this case reveals that while all of the other Defendants consented to removal, Defendant Punchak never consented to removal of this action.  (See, Documents 3 & 9).  This issue is moot, however, as the Court finds that Defendant Punchak was never properly served, and thus, had no knowledge of the lawsuit and notice of removal, and consequently, had no duty to consent.

*Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia* (Document 25).   The Plaintiff then filed his *Answer/Response* (Document 27) to Wells Fargo's motion to dismiss, as well as a *Motion to Dismiss [Wells Fargo's] Motion to Dismiss Plaintiff's Complaint* (Document 28).   Sovereign filed its *Amended Answer* (Document 29) and *Reply* (Document 30) to the Plaintiff's response in opposition to the motion to strike/dismiss.

On November 4, 2013, the Plaintiff filed a *Motion for Default Judgment and Summary Judgment* (Document 31) against Bank of America and Wells Fargo.   Two days later, Bank of America filed its *Response to Plaintiff's Motion to Remand and Motion for Default* (Document 32).   The Plaintiff then submitted a *Motion to Strike Sovereign Bank's Motion of Amended Answer and Affirmative Defenses and Reply Due to an Out of Court Settlement* (Document 33) and an *Affidavit Given in Support of Civil Complaint and Submission of Direct Examination of Lizabeth Pressley, Mortgage Loan Investigator* (Document 34), both filed on November 7, 2013. Less than a week later, he filed an *Additional Evidence in Support of Judgment by Default Against Defendants Wells Fargo Bank and Bank of America/Countrywide Mortgage* (Document 35) on November 12, 2013.   Three days later, the Plaintiff and Sovereign Bank filed a proposed *Dismissal Order* (Document 37).[6]  Wells Fargo then filed its *Response to Plaintiff's Motion to Remand and Motion for Default* (Document 38) on November 15, 2013.

On November 22, 2013, the Plaintiff filed a *Motion Requesting Defendants Wells Fargo Bank and Bank of America/Countrywide to Move Forward to a Speedy Trial* (Document 42).   On November 26, 2013, he filed a *Response to Defendant Wells Fargo Bank, N.A.'s and Bank of*

---

6        The Court, via the January 10, 2014 *Order* (Document 75) dismissed Defendant Sovereign Bank pursuant to the terms of the proposed dismissal order.

*America/Countrywide's Response to Plaintiff's Motion to Remand and Motion for Default* (Document 43).   The Plaintiff then filed a *Motion for Leave to Supplement Complaint* (Document 45) on December 9, 2013.   On that same date, Bank of America filed its *Response to Plaintiff's Motion for a Speedy Trial* (Document 46).   On December 10 and 11, 2013, the Plaintiff filed *Motions for Leave to Conduct Discovery* (Documents 47 and 48.)[7]   He then filed a *Motion for Leave to File Amended Complaint* (Document 51) on December 16, 2013.

On December 17, 2013, Bank of America filed a *Motion for Judgment on the Pleadings* (Document 52) and accompanying *Memorandum in Support* (Document 53),[8] as well as a *Response to Plaintiff's Motion for Leave to Supplement the Complaint* (Document 54).   Bank of America argues that it is entitled to judgment on the pleadings because the Plaintiff fails to state a claim upon which relief can be granted, fails to plead with particularity the fraud claims, and that regardless, his claims are barred by the doctrine of *res judicata*.   (Document 52 at 1.)   The next day, December 18, 2013, the Plaintiff filed two *Affidavits in Support of his Motion for Default against Bank of America and Wells Fargo* (Documents 57 and 58).   On December 19, 2013, Wells Fargo filed its *Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for a Speedy Trial, and Plaintiff's Motion for Leave to File Amended Complaint* (Document 59).   On December 20, 2013, Bank of America filed its *Response to Plaintiff's Motion to Conduct Discovery* (Document 61).   The Plaintiff then filed a *Motion to Strike Proposed First Amended Complaint from Docket* (Document 62).   He also filed his *Response to Defendant Bank of America's Motion for Judgment on the Pleadings* (Document 63), and Bank of America then

---

7        The Magistrate Judge issued a *Memorandum Opinion and Order* (Document 74) denying the two motions to conduct discovery on January 10, 2014.

8        Bank of America attached copies of 418 pages of pertinent documents surrounding approximately seventeen (17) of Plaintiff's previous court actions against various defendants – including Wells Fargo and Bank of America, as well as bankruptcy proceedings involving him – to its motion to dismiss.

filed its *Response to Plaintiff's Motion for Leave to File an Amended Complaint* (Document 64) and *Reply to Plaintiff's Response to its Motion for Judgment on the Pleadings* (Document 66) on December 30, 2013.

That same day, the Plaintiff filed his *Reply to Defendant Wells Fargo's Memorandum in Opposition to Plaintiff's Motion to Conduct Discovery, Plaintiff's Motion for Speedy Trial, and Plaintiff's Motion for Leave to File Amended Complaint* (Document 67). On December 31, 2013, he filed a *Request for Mandatory Judicial Notice Pursuant to Fed.R.Evid. Rule 201(b)(d)(f)* (Document 68) and a *Motion to Compel an Officer of the United States Pursuant to 28 U.S.C. 1361 to Show Cause Why the $1,039,447.30 Attachment and Restitution Should Not be Vacated* (Document 69). On January 6, 2014, Bank of America filed its *Response in Opposition to Plaintiff's Request for Mandatory Judicial Notice Pursuant to Fed.R.Evid. Rule 201(b)(d)(f)* (Document 72). The Plaintiff filed a *Motion for Order Directing Bank of America/Countrywide to Serve Plaintiff its Reply Pursuant to FRCP 5 Ordered December 18, 2013 [Dkt 55]* on January 9, 2014 (Document 73). He filed his *Reply to Defendant Bank of America, N.A.'s Response to Plaintiff's Request for Mandatory Judicial Notice* (Document 76) on January 15, 2014. On January 21, 2014, he filed a *Reply to Defendant Bank of America, N.A.'s Response to Plaintiff's Motion for Leave to File an Amended Complaint* (Document 79), and a *Motion for Judgment by Default Against Douglas Punchak* (Document 80) was submitted on January 28, 2014.

The Plaintiff then filed a *Motion for a Prompt and Diligent out of Court Settlement to Save Scarce and Precious Judicial Resources and [the Parties'] Resources* (Document 81) on March 7, 2014. On March 11, 2014, Wells Fargo filed a *Response to Plaintiff's Request for a Prompt and Diligent out of Court Settlement to Save Scarce and Precious Judicial Resources and [the*

*Parties'] Resources* (Document 82), and on that same date the Plaintiff submitted an *Affidavit in Support of [his] Claims against the Defendants* (Document 83).   One week later, on March 18, 2014, he filed a *Motion to Correct Proposed Motion to Strike Docket 17 which is now Docket 62, Motion to Shrike Amended Complaint, Now Plaintiff Requests the "Unstriking" of 17 and for 17 to be Supplemented with Docket 51 as Leave to File an Amended Complaint* (Docket 84).    Also on March 18, 2014, Plaintiff filed a *Response/Reply in Opposition to Defendant's Motion to Dismiss Document 82 filed 3-11-2014, pages 1-3 and to Deny Defendant's Motion to Dismiss and Order this Case to Proceed Forward into the Discovery Phase and Facilitate a Scheduling Order for all Parties to Conduct Discovery* (Document 85), as well as a *Motion to Compel Defendant(s) to Answer the Amended Complaint Document # 51 Under Rule 15 Within (30) Days* (Document 86).

That same day, Bank of America filed its *Response to Plaintiff's Request for a Prompt and Diligent out of Court Settlement to Save Scarce and Precious Judicial Resources and [the Parties'] Resources* (Document 87).   Two days later, Bank of America and Wells Fargo filed a *Motion to Stay all Briefing Requirements Pending the Court's Decision on the Motion to Dismiss and Motion for Judgment on the Pleadings* (Document 88).   On March 25, 2014, the Plaintiff filed a *Motion to Supplement with Correction of the Record, Under Fed.R.Civ.P. Rule 15 and Service Under Fed.R.Civ.P. Rule 4* (Document 89) and a *Motion Requesting Enlargement of Time until April 24, 2014, to Properly Reply Defendant's Documents 87 & 88, under Fed.R.Civ.P. Rule 6(b)(2) Because of Excusable Neglect* (Document 90).   He then filed a *Motion for Summary Judgment Against All Defendants for Failing to Properly & Timely Respond to White's Complaint & Other Motions Before This Honorable Court, See Documents 87 & 88* (Document 91) on March

31, 2014. The Magistrate Judge issued an April 1, 2014 *Order* (Document 92) allowing the Plaintiff leave to file his amended complaint, which was made a part of the record on that date.

On April 1, 2014, the Magistrate Judge issued his *Proposed Finding and Recommendations* (Document 94) wherein he recommends that this Court grant Wells Fargo's *Motions to Dismiss* (Documents 13 & 23), deny Plaintiff's *Motion to Dismiss Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint* (Document 28), grant Bank of America's *Motion for Judgment on the Pleadings* (Document 52), deny Plaintiff's *Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia* (Document 25), deny Plaintiff's *Motion to Urge/Request that this Honorable Court to Take Action Against Defendants Wells Fargo Bank of Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment* (Document 31), deny Plaintiff's *Motion of Judgment by Default entered Against Defendant Douglas Punchak* (Document 80), and dismiss Plaintiff's *Complaints* (Documents 1-2, 17, & 51), as well as remove this matter from the District Court's docket. (Document 94 at 27.) The Plaintiff submitted *Objections* (Document 98) to the PF&R on April 9, 2014.[9]

## I. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

---

[9]     Defendant Bank of America submitted a *Response to Plaintiff's Objections* (Document 101) on April 15, 2014, and Defendant Wells Fargo submitted its *Response to Plaintiff's Opposition* (Document 102) on April 17, 2014. The Plaintiff then filed his *Reply to Defendants' Documents 102 + 103 in Opposition Under Fed.R.Civ.P. 56(f), 56(c)(4) L.CVR 7(h)* (Document 107). Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, the Court will consider Defendant Wells Fargo and Bank of America's Responses (Documents 101 & 102), but will not consider the Plaintiff's reply. The Defendants argue that the Plaintiff's objections "merely reject the Magistrate's Report and declares that his motions are warranted." (Document 101 at 2.) Defendant Wells Fargo's responsive submission mirrors Defendant Bank of America's response.

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## II.     APPLICABLE LAW

### A.  *Motion to Dismiss*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570). In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." (*Id.*) (quoting *Twombly,* 550 U.S. at 557).

In reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint," *Erikson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ]

all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). However, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### B. Motion for Summary Judgment

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must

view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

### III.    DISCUSSION

A. *Default Judgment against Defendants Bank of America and Wells Fargo based on Improper Removal and Failure to Timely File Responsive Pleading(s).*

The Magistrate Judge found that both the *Plaintiff's Motion to Dismiss Defendant Bank of America/Countrywide's Notice of Removal/Exit from Circuit Court of McDowell County, West Virginia* (Document 25) and the *Plaintiff's Motion to Urge/Request that this Honorable Court Take Action Against Defendants Wells Fargo Bank of Bank of America/Countrywide Mortgage for Default Judgment and Summary Judgment* (Document 31) should be denied because complete diversity exists, removal from the Circuit Court of McDowell County, West Virginia, was timely and appropriate, and further, the Defendants' answers were timely filed seven (7) days after removal. (Document 94 at 11-15.) The Magistrate Judge found that the Plaintiff's argument for

default judgment is similarly lacking in merit given the plain language of Rule 12(a) of the West Virginia Rules of Civil Procedure.   (Id. at 15-16.)

The Plaintiff objects to the PF&R, and states that it is "clearly & concededly tainted with inaccurate records wrongly attributed to White, which is Highly PreJudicial & Adverse to White's Due Process under the Fifth Amendment & First Amendment's Freedom of Speech."   (Document 98 at 3.)   His objections go on to state that he "clearly established that defendant(s) are in (Default) for failing to timely answer White's properly served complaint/summons."   (Id. at 6.) For support, he avers that "[t]he records reveal that Defendants: Country Wide Home Loans Inc., Bank of America & Wells Fargo Bank were served on Sept. 13, 2013 & the Defendant failed to answer White's complaint/summons timely."   (Id.)

At first glance, it is questionable whether the Plaintiff's objections specifically challenge the Magistrate Judge's reasoning and findings with regard to the suitability of removal and timeliness of the subsequent answer by Wells Fargo and Bank of America.   The Plaintiff's objections are based on his erroneous belief that Defendants Bank of America and Wells Fargo had fourteen (14) days to respond to his summons and complaint filed in the Circuit Court of McDowell County, West Virginia.   As the Magistrate Judge's PF&R makes clear, Bank of America filed its notice of removal on October 2, 2013, nineteen days after service occurred on September 13, 2013, with Wells Fargo filing its consent to removal on October 15, 2013.[10]   (See Document 94 at 14-15.)   Plainly, the removal and consent to removal were filed within the applicable thirty (30) day time period enumerated in 28 U.S.C. § 1446(b)(1).   Additionally, the Defendants' answers were timely because they were filed within seven (7) days of removal or

---

[10]   The Magistrate Judge's PF&R saliently points out that the Defendants' removal and consent to remove were not due until October 15, 2013, because October 13, 2013 — thirty (30) days from September 13, 2013 — fell on a Sunday and October 14, 2013, was Columbus Day, a holiday.

consent to removal, pursuant to Federal Rule of Civil Procedure 81(c)(2).    As such, the Plaintiff's objection is **OVERRULED**.

### B.  Default Judgment against Defendant Punchak

The Magistrate Judge next found that default judgment against Defendant Punchak was inappropriate because the Plaintiff failed to offer *prima facie* evidence that "service was made at Defendant Douglas Punchak's 'dwelling or usual place of abode with someone of suitable age and discretion who resides there.'"    (*Id.* at 18) (citing Fed. R. Civ. P. 4(e)(2)(B)).    Thus, the Magistrate Judge concluded that the court lacked personal jurisdiction over Defendant Punchak and could not enter default judgment against him.    (*Id.*)

The Plaintiff objects to this finding, and argues that "the record also reveals that Defendant Douglas Punchak was served timely & received by his over 18 years old competent wife." (Document 98 at 6.)   He mailed a certified copy of the summons and complaint to Defendant Punchak's purported residence, which was subsequently signed by Richelle Punchak on January 7, 2014.   The Plaintiff avers that service on Richelle Punchak was proper because "the Federal Court Records supports that she is over 18 years old as she was charged with a Federal offense in Federal Court & that no where (sic) on that specific record was she Deemed in competent (sic)."   (Id.) The Plaintiff further alleges that service was proper pursuant to Fed. R. Civ. P. 4 because his certified mailing #70-13-0600-0000-9994-7665 had the "United States Postal's 'Track & Confirm' data sheet clearly showing deliverance on January 7, 2014," and default is appropriate because as of April 7, 2014, Defendant Punchak "never timely & or properly responded to plaintiff White's timely & properly served complaint & summons."   (*Id.* at 6-7.)

The Court disagrees with the Plaintiff, and finds that Mr. Punchak was never properly served with the summons and complaint such that the Court was vested with jurisdiction necessary to enter default judgment.    Rule 4 of the Federal Rules of Civil Procedure dictates the methods that a party must serve a summons and complaint to an adverse party in a judicial district of the United States:

(e)     Serving an Individual Within a Judicial District of the United States.

Unless Federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to any agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).   "The Federal Rules of Civil Procedure do not authorize service of an original complaint and summons by mail. They do, however, permit a plaintiff to effect service in accordance with state law, *see* Fed.R.Civ.P. 4(e)(1), 4(j)(2)(B), and [West Virginia] authorizes service by mailing the summons and complaint."   *Patterson v. Whitlock*, 392 Fed.Appx 185 (4th Cir. 2010) (unpublished).   Importantly, Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provides that service may be effectuated by, among other means, "[t]he clerk sending a

copy of the summons and complaint <u>to the individual to be served</u> by certified mail, return receipt requested, and <u>delivery restricted to the addressee</u>."   W. Va. R. Civ. P. 4(d)(1)(D) (emphasis added).

An examination of the record in this case reveals that the Plaintiff failed to properly serve Defendant Punchak under either the Federal or West Virginia Rules of Civil Procedure.[11] Notably, the federal rules do not permit service of an original complaint and summons by mail, except as authorized by the state rules.   The Plaintiff failed to comply with the West Virginia Rules of Civil Procedure inasmuch as the Clerk of McDowell County Circuit Court did not send the certified mail, and delivery of the certified mailing was not restricted to the addressee, Douglas Punchak.   This is patently evident from the face of the certified mail return receipt card, where the box next to "restricted delivery" is unchecked.   (*See* Document 80 at 5; Exhibit A).

This finding is also borne out by the fact that Richelle Punchak signed the return receipt card acknowledging acceptance.   If delivery were restricted to the addressee, Douglas Punchak, only he would have been permitted to sign for it.   Finally, there is no record that the Plaintiff paid the clerk "a fee of twenty dollars for each complaint to be served," the necessary fee for service by certified mail.   *See* W. Va. R. Civ. P. 4.   Contrary to Plaintiff's arguments in his objection, the record supports the finding that he did not present *prima facie* evidence that service was proper. Therefore, the burden does not shift to Defendant Punchak to provide evidence of insufficient process.   Because Defendant Punchak was never properly served with a summons and complaint,

---

11      The Court addresses service under West Virginia state law because the Plaintiff's objection states that "Defendant: Punchak, intentionally failed to respond to this Court issued summons . . ."  (Document 98 at 3.)  A review of the McDowell County civil docket sheet, attached to the notice of removal, indicates that the "summons issued 14 days regular mail as to: Douglas Punchak — Retn W/Envelope Marked Rtn to Sender 9/16/13."  (*See* Document 1-2 at 2.)  Thus, the Court wants to make it clear to the Plaintiff that service was improper and ineffective under both Federal and West Virginia law.

the Court lacked personal jurisdiction over him and, thus, could not enter default judgment against him pursuant to Rule 55 of the Federal Rules of Civil Procedure.   Accordingly, the Plaintiff's objection is **OVERRULED**.

   C.  *Collateral Estoppel*

   The Magistrate Judge's PF&R also found that the Plaintiff's claims against the Defendants for violating "the provisions of the Fair Debt Collection Practices Act, Truth in Lending Act, and Fraud" should be dismissed under the doctrine of collateral estoppel.   Specifically, the Magistrate Judge found that

> the issue sought to be precluded is identical to the one previously litigated, the issue was actually determined in the prior proceeding, and the issue was a critical and necessary part of the decision in the prior proceeding. Specifically, Plaintiff alleges that Defendant Punchak, Bank of America, and Wells Fargo engaged in fraud which resulted in Plaintiff's improper criminal conviction and sentence.   Plaintiff argues that he did not participate in transactions involving Defendant Punchak, Bank of America and Wells Fargo. Thus, Plaintiff contends that he should not be required to pay restitution to Bank of America and Wells Fargo.   The record, however, reveals that Plaintiff was convicted in [the] Northern District of Ohio of one count of Conspiracy, four counts of Wire Fraud, one count of Bank Fraud, and three counts of False Statement to a Bank. United States v. White, Case No. 1:09-cr-17 and 1:10-cr-442 (N.D. Ohio June 4, 2012), Document No. 179.   The Northern District of Ohio clearly ordered Plaintiff to pay restitution to Bank of America and Wells Fargo. Id., Document No. 235.

(Document 94 at 25.)

   The Plaintiff opposes this finding, arguing that "[he] never filed a Lawsuit against Wells Fargo/Bank of America in any Court on this issue concerning Sovereign Bank, et al."   He then states that most of the cases that the current Defendants cited, as involving similar operative facts, "have been disposed of . . ."   (Document 98 at 1.)   He states that "the above Disposed of Civil

17

Actions have nothing to do with this case," then lists several still pending cases, and concludes that they "are also unrelated to this instant case, thus Double Jeopardy, Res Judicata & or Collateral Estoppel **Do Not Apply in this instant case supra**."   (*Id.* at 2-3.)   Finally, he argues that even if they did apply, "summary judgment would be wholly in applicable (sic) concerning the defendants defense under: Collateral Estoppel, res Judicata & or Double Jeopardy."   (*Id.* at 3.)

Collateral estoppel "precludes re-litigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).   Further, "[t]he doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to re-litigate in a subsequent civil proceeding."   *U.S. v. Wright*, 839 F.2d 193, 196 (4th Cir. 1987) (internal citations omitted).

The Fourth Circuit Court of Appeals has recognized that for collateral estoppel to apply:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*Ramsay v. U.S.I.N.S.*, 14 F.3d 206, 210 (4th Cir. 1994) (citations omitted).   The Court agrees that the Plaintiff is collaterally estopped from re-litigating an issue here that was previously decided in his Ohio federal criminal convictions.   While he did not expressly object to the applicability of collateral estoppel, the Court construes his statement that the previous cases "are unrelated to this

one" to mean that the issues are not "identical to the one[s] previously litigated."   The Court finds that they are undeniably related.

First, the Plaintiff's complaint attempts to re-litigate his overall culpability with respect to financial transactions involving the following properties: (1) 535 Club Drive, Aurora, Ohio; (2) 14710 Pepper Avenue, Cleveland, Ohio; and (3) 1844 E. 85th Street, Cleveland, Ohio — as well as an outstanding lease for a 2005 Bentley Continental vehicle.   (*See* Document 1-2 at 4-7.) Second, and objectively attendant, the complaint's primary goal is to revisit his restitution judgment and obviate his obligation to pay restitution to Bank of America and Wells Fargo, because the Plaintiff now claims that he was the victim of a concerted effort by Defendant Punchak, Wells Fargo, Bank of America and Sovereign Bank to defraud him. (*Id.*)   A review of the pleadings and documents in the Plaintiff's Ohio federal criminal proceedings makes it clear that he was convicted following a jury trial of conspiracy to "defraud automobile finance and mortgage companies and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises . . ."   *United States v. White*, 1:10-cr-442; *Indictment*, Document 1 at 1-2.   As mentioned *supra*, the Plaintiff was also ordered to pay restitution in the amount of $1,039,447.30 to Bank of America, $148,716.02 to Wells Fargo, and $35,456.15 to Sovereign Bank.   Thus, the issue(s) sought to be precluded are identical to those previously litigated in the Northern District of Ohio.[12]   Coincidentally, he also seeks as damages

---

12       The Court notes that here, as in the Ohio criminal proceedings, the Plaintiff attempts to flip the script and essentially argue that the Defendants are guilty of the very same conduct (conspiracy to defraud) for which he was convicted in the Northern District of Ohio.   In the Ohio jury trial, the Plaintiff argued that Mr. Punchak was not a straw buyer and that it was actually Mr. Punchak and his wife, along with other unsavory characters, who pulled the wool over his eyes and brought him into the conspiracy.   (See *U.S. v. White*, 1:10-cv-442 (N.D. Ohio); Document 91 at pp. 134, 142, & 149)   Obviously, the jury disagreed.

in this case the very amount of money he was ordered to pay as restitution in the Ohio criminal case.

There is no doubt that the issues were actually determined in the prior proceedings, as the Plaintiff was found guilty by a jury of his peers of one count of conspiracy, four counts of wire fraud, one count of bank fraud, and three counts of making a false statement to a bank. Importantly, all of these convictions concerned the vehicle and properties specifically referenced in the Plaintiff's complaint here. Likewise, the determination of the Plaintiff's fraudulent activity and resulting amount of restitution was a critical and necessary part of the prior criminal proceeding.

Additionally, the prior judgment was final and valid because he was sentenced to one hundred three (103) months of imprisonment, to be followed by five years of supervised release, and ordered to pay restitution. The docket from the Ohio criminal proceeding reflects that the Plaintiff filed an appeal to the Sixth Circuit Court of Appeals on June 6, 2012, and his conviction and judgment were affirmed on November 18, 2013. See *U.S. v. White*, 543 Fed.Appx. 563 (6th Cir. 2013)). He did not file a petition for certiorari to the United States Supreme Court. Finally, the Plaintiff had a full and fair opportunity to litigate the issue in the previous forum. He never argued at his sentencing hearing that he did not owe restitution to the victims of his criminal conduct. Conversely, the criminal case records reflect that the Plaintiff and his counsel made specific arguments and objections concerning the total amount of loss and potential amounts of restitution to the banking intuitions, and in some cases even lowered the amount of restitution by subtracting principal attributed to the properties. (See *United States v. White*, 1:09-cr-17; *Transcript of Sentencing Hearing*, Document 224). Thus, it is disingenuous and duplicitous for

the Plaintiff to now claim that he does not owe any restitution when he implicitly agreed to the *validity* of the (adjusted) order requiring restitution.

It is true that "[t]he doctrine of collateral estoppel does not bar the re-litigation of factual issues where the party against whom the doctrine is invoked had a heavier burden of persuasion on that issue in the first action than he does in the second, or where his adversary has a heavier burden in the second action than he did in the first." *Collins v. Pond Creek Mining Co*., 468 F.3d 213, 217-18 (4th Cir. 2006) (internal citation and quotation omitted).   However, collateral estoppel is still appropriate here because (a) the Plaintiff had no burden in his earlier Ohio criminal proceedings, and (b) his adversary (the United States) had a heavier burden in the first action than his adversaries (restitution victims) have here.   The government had the onus of proving his guilt beyond a reasonable doubt.   His guilt of defrauding the very Defendants he has named here was previously proven beyond a reasonable doubt.   The restitution amount(s) was established by the Court.   There is no open window here through which he can re-litigate those issues. Accordingly, the Plaintiff's objection is **OVERRULED**.

D. *Remaining Issues*

The Court finds that it need not address other grounds for dismissal contained in the Magistrate Judge's PF&R, to which the Plaintiff might have objected, in light of the finding that collateral estoppel precludes his claims.   For example, it is an exercise in futility to analyze the Plaintiff's claim of fraud based on the argument that he has failed to state it with sufficient specificity as required by Fed. R. Civ. P. 9, when the fraud claim is precluded by collateral estoppel.   In other words, no matter how specifically the Plaintiff pled his claims of fraud, they are, nonetheless, barred under the doctrine of collateral estoppel.   Likewise, the Plaintiff's

statement that "[i]f the district court finds that [his] complaint is insufficient then the district court should allow [him] a meaningful opportunity to Amend it . . . ." is unavailing in light of  the Court's finding that collateral estoppel bars the claims.  No amendment to the complaint can circumvent or otherwise alter this ruling.

Finally, the Court must address the second amended complaint (Documents 93) that was docketed following the Magistrate Judge's *Order* (Document 92) granting the Plaintiff leave to file his second amended complaint.[13]   Defendant Wells Fargo filed a *Motion to Dismiss* (Documents 96) on April 7, 2014, responding to the amended complaint, and Bank of America filed their *Motion to Dismiss* (Document 97) on April 8, 2014.   This Court withdrew the reference only with respect to these two motions to dismiss by *Order* (Document 99) entered on April 9, 2014.

A review of the second amended complaint reveals that the Plaintiff is again trying to escape his criminal conviction and resulting order to pay restitution because Defendant Punchak "is legally responsible for all loans, agreements, and contracts that he signs as Borrower." (Document 93 at 1.)   The Plaintiff further alleges that Defendant Punchak "LIED on his Bankruptcy petition regarding being a part [and an employee] of URBAN INVESTMENT CORPORATION."  (*Id.* at 3.)   Again, the Plaintiff maintains that Defendant Punchak "was never an employee of URBAN INVESTMENT," and that he "never ordered or authorized [Punchak] to sign for [all the loans at issue]."  (*Id.* at 3-4.)   The Plaintiff further stresses that he "never coerced, influenced, or had control over the actions or conduct of Douglas Punchak."  (*Id.*

---

13        The second amended complaint was originally attached to the Plaintiff's *Motion for Leave to File Amended Complaint* (Document 51) on December 16, 2013.  It is important to view the Plaintiff's first proposed *Amended Complaint* (Document 17) in light of his subsequent *Motion to Strike* (Document 62) and *Motion to Correct Proposed Motion to 'Strike Docket 17' which is now Docket 62; Now Plaintiff Request the 'Unstriking of 17' and for 17 to be Supplemented with Docket 51 as "Leave to File Amended Complaint'* (Document 84).   Regardless of which complaint is at issue, collateral estoppel prevents his re-litigating issues here that were previously decided in the Ohio federal criminal convictions.

at 4.)  The Plaintiff claims that as a result, he was falsely imprisoned, kidnapped, harassed and defamed, all while losing his business, and ultimately charged and convicted in federal court because he was made to be a scapegoat, all of which "constituted illegal seizure and cruel and unusual punishment under the 4th and 8th Amendments to the U.S. Constitution."  (*Id.* at 4-5.)

The Plaintiff's second amended complaint fails as a matter of law for identical reasons as the first complaint.  Again, he is collaterally estopped from re-litigating issues here that were previously decided in his Ohio federal criminal convictions.  As established above, the Plaintiff was found guilty following a trial by jury, sentenced to one hundred three (103) months of imprisonment to be followed by 5 years of supervised release, and ordered to pay restitution to Bank of America, Wells Fargo, and Sovereign Bank in the amount of $1,223,619.47.  The Plaintiff and Defendant Douglas Punchak still remain jointly and severally liable for the restitution ordered by the court in the Northern District of Ohio.

## CONCLUSION

Wherefore, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 94) be **ADOPTED,** that the Plaintiff's Objections to the PF&R (Document 98) be **OVERRULED**, and that the Plaintiff's *Complaint* (Document 1-2 at 4-11) be **DISMISSED WITH PREJUDICE**.  Further, the Court **ORDERS** that *Defendant Wells Fargo's Motion to Dismiss* (Document 96) and *Defendant Bank of America's Motion to Dismiss* (Document 97) be **GRANTED**, that the Plaintiff's *Second Amended Complaint* (Document 93) be **DISMISSED WITH PREJUDICE,** and that all pending motions be **TERMINATED** as moot.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:         August 7, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA